**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

DAVID LEE YOUNG,              )
                Petitioner,   )
v.                            )   Case No. CIV-07-114-M
                              )
MIKE ADDISON, WARDEN,         )
                Respondent.   )

## REPORT AND RECOMMENDATION

In this habeas corpus action filed pursuant to 28 U.S.C. § 2254, Petitioner, David Lee Young, appearing *pro se*, challenges his state court conviction in Case No. CF-2001-5842, District Court of Oklahoma County, State of Oklahoma. Respondent has not addressed the merits of the Petition, instead contending the Petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A) and moving for dismissal of the Petition [Doc. ##9-10]. Petitioner has responded to the motion [Doc. #14] and the matter is now at issue.[1] For the reasons set forth below, it is recommended that Respondent's motion be granted and the Petition be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

## Analysis

With the enactment of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which took effect on April 24, 1996, Congress "established a one-year period of limitations for habeas petitions." *Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir. 1998) (*citing* 28 U.S.C. § 2244(d)(1)). The period begins to run from "the latest of" four dates. The first and

---

[1] When Petitioner responded to the motion, page 9 of his response was inadvertently omitted. Petitioner has supplied the missing page in a supplemental filing [Doc. #17].

most common triggering date is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner was convicted in Case No. CF-2001-5842 pursuant to a guilty plea on June 16, 2003, for three counts of kidnapping, two counts of robbery with firearms and one count of larceny of an automobile.  *See* Petition [Doc. # 1], ¶¶ 1-3, 6-7, 16.  Petitioner obtained permission to appeal his conviction out of time, and the Oklahoma Court of Criminal Appeals (OCCA) affirmed his conviction on February 11, 2005.  *See* Brief in Support of Motion to Dismiss, Exhibit 1, Docket Sheet, Case No. C-2004-810.

A conviction in the state courts of Oklahoma becomes final on the date the OCCA affirms the conviction, and the one-year statute of limitations begins to run from the date the Supreme Court has denied review of a petition for writ of certiorari, or if no petition is filed, after the ninety-day period for filing the petition for writ of certiorari has expired.  *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).  As set forth, the OCCA affirmed Petitioner's conviction on February 11, 2005.  Petitioner then had ninety days from that date to file a petition for writ of certiorari in the United States Supreme Court.  *See* 28 U.S.C. § 2101(c); Rule 13.1, Rules of the Supreme Court of the United States.  Petitioner did not seek review in the United States Supreme Court.  Therefore, his conviction became final on May 12, 2005, ninety days after the date the OCCA entered its order affirming the conviction.  Petitioner had until May 12, 2006, within which to timely file his Petition.  *See United States v. Hurst*, 322 F.3d 1256 (10th Cir. 2003) (holding that one-year limitation period under

§ 2244(d)(1) expires on anniversary date of the triggering event). The instant petition, filed on January 29, 2007, is untimely filed pursuant to 28 U.S.C. § 2244(d)(1)(A) absent statutory or equitable tolling of the limitations period.

Petitioner concedes the Petition is untimely filed pursuant to §2244(d)(1)(A). Petitioner instead relies on two alternative triggering dates. First, Petitioner contends the limitations period should run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Alternatively Petitioner contends the limitations period should run from "the date on which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence." *Id.* § 2244(d)(1)(D).

Petitioner claims the illegal State action creating the impediment to filing a federal habeas action is the procedure under Oklahoma law for attacking a plea of guilty which provides for a ten-day period within which to file an application in state court to withdraw the plea. *See* Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals,* Okla. Stat. tit. 22, Ch. 18 App. (2001) (to appeal from a conviction on a plea of guilty or nolo contendere the defendant must file an application to withdraw the plea within ten days from the date of the pronouncement of the judgment and sentence). Petitioner contends this procedure, with its limited timeframe and lack of provision for separate counsel, interferes with a prisoner's

ability to discover and adequately raise an ineffective assistance of counsel claim.[2] Petitioner contends, therefore, that the limitations period did not begin to run until the impediment was removed, *i.e.*, the day he discovered his ineffective assistance of counsel claim and was able to develop a factual basis for that claim.

Petitioner's argument is legally flawed and contrary to the factual record presented. Petitioner claims that "under Oklahoma law, trial counsel was required to prepare a motion raising ineffective assistance of counsel claims against himself . . . [a]n absurd requirement!" *See* Petitioner's Reply at 3-4.  However, the record demonstrates that Petitioner, acting *pro se,* timely moved to withdraw his guilty plea and appeared before the trial court with new counsel at the hearing on his motion to withdraw the plea.  *See* Respondent's Brief in Support, Exhibit 2, Order Denying Second Application for Post-Conviction Relief at 2

---

[2]In support of this contention, Petitioner cites Tenth Circuit case law including: *Miller v. Champion*, 161 F.3d 1249 (1998); *Hickman v. Spears*, 160 F.3d 1269 (10th Cir. 1998); *English v. Cody*, 146 F.3d 1257 (10th Cir. 1998) and *Brecheen v. Reynolds*, 41 F.3d 1343 (10th Cir. 1994). These cases address the doctrine of procedural bar.  That doctrine rests on principles of comity and provides that on habeas review, a federal court does not address issues that have been defaulted in state court on an independent and adequate state procedural ground unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991).

The case law cited by Petitioner provides only that Oklahoma's procedural bar will not prevent habeas review of an ineffective assistance of counsel claim brought for the first time collaterally. The cases do not stand for the proposition that Oklahoma's procedures for raising an ineffective assistance of counsel claim following a guilty plea conviction create an illegal impediment to the timely filing of Petitioner's federal habeas action.  Thus, contrary to Petitioner's assertion, section 2244(d)(1)(B) does not operate to prevent the untimeliness of the Petition, because Petitioner has failed to identify any impediment to the filing of a federal habeas corpus action caused by State action in violation of the Constitution or laws of the United States.

(reciting procedural history).³ Thus, the record demonstrates the Oklahoma procedure Petitioner challenges did not preclude him from moving to withdraw his plea and further demonstrates that Petitioner did, in fact, have separate counsel representing him during these proceedings.

Moreover, the record suggests Petitioner was aware of the factual basis of his ineffective assistance of counsel claim at the time he moved to withdraw his plea. As Petitioner states in his direct appeal brief:

> On August 7, 2003, Judge Elliott received a handwritten letter entitled 'Notice of Plea Withdrawal' [footnote omitted]. In the 'Notice of Plea Withdrawal,' Petitioner alleged his attorney advised him that 'a blind plea would be the best thing [he] could do,' and 'Judge Elliott will not give [him] a lot of time.' Petitioner claimed Mr. Anderson's advice was misleading regarding the blind plea and the possible sentence he could receive. [footnote omitted]. According to Petitioner, Mr. Anderson told him that he would be out of prison before Mr. Anderson retired. Petitioner further alleged his attorney was ineffective in his representation by failing to visit him while his case was pending, advising him that the kidnapping charges would be dropped, and providing representation to his uncle as discussed at the time of the blind plea sentencing.

*See* Petition, Attachment 3, Brief of Petitioner at 2 (citations omitted).

Petitioner's motion to withdraw the plea was denied, and Petitioner failed to timely appeal the denial of the motion. However, the record further demonstrates Petitioner, through counsel, was granted leave to file an appeal out-of-time to challenge the district court's denial of his motion. *See* Respondent's Brief in Support, Exhibit 2, Order at 2-3. The

---

³The Order states: "By letters to the court, Petitioner, pro se, made a timely request to withdraw his plea of guilty. On August 11, 2003, Petitioner, represented by new counsel, appeared before the court for hearing on the motion." *See id*.

record demonstrates that on direct appeal, Petitioner raised a single issue claiming his guilty plea was not knowingly and voluntarily entered. *See id.*, Order at 3.

Conspicuously absent from Petitioner's argument is any specific factual allegations as to the date on which he discovered the basis for his ineffective assistance of trial counsel claim. Petitioner simply states that at the time he entered his guilty plea "he had no idea his attorney was ineffective." *See* Petitioner's Reply at 7. This statement is contrary to the statements contained in Petitioner's direct appeal brief discussed *supra.*

Notwithstanding these statements, the record demonstrates Petitioner raised a claim of ineffective assistance of counsel in his application for post-conviction relief filed on February 7, 2006. *See* Respondent's Brief in Support, Exhibit 2 at 3. To the extent Petitioner contends this is the earliest date he could have discovered the basis of his ineffective assistance of trial counsel claim – nearly two and one half years following the entry of his guilty plea -- Petitioner has failed to articulate any reason for the lengthy delay in discovering the factual basis of his ineffective assistance of counsel claim. For all these reasons, Petitioner's reliance on section 2244(d)(1)(B) and (D) should be rejected.

### **Statutory Tolling**

The AEDPA includes a tolling provision, 28 U.S.C. § 2244(d)(2), which provides that the one-year limitation period is tolled during the time that a properly filed application for state post-conviction relief is pending. *Habteselassie v. Novak,* 209 F.3d 1208, 1210-11 (10th Cir. 2000). *See also Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999) (the time tolled includes all periods during which a prisoner is attempting to exhaust state post-

conviction remedies). Following the OCCA's affirmance of his conviction, Petitioner sought post-conviction relief on February 7, 2006. *See* Respondent's Brief in Support, Exhibit 2 at 3. Applying § 2244(d)(1)(A), 271 days had run on the limitations period at that time. The limitations period was tolled through August 18, 2006, the date on which the OCCA affirmed the district court's denial of post-conviction relief. *See* Respondent's Brief in Support, Exhibit 3, Order Affirming Denial of Application for Post-Conviction Relief. The limitations period expired on November 20, 2006. The instant Petition was not filed until January 29, 2007. Therefore, statutory tolling does not render the Petition timely filed.

**Equitable Tolling**

The Tenth Circuit limits equitable tolling of the one-year limitation period to "'rare and exceptional' circumstances." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) (*citing Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). "Equitable tolling is appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct -- or other uncontrollable circumstances -- prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Burger*, 317 F.3d at 1141, *citing Gibson*. But equitable tolling is "only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

Petitioner advances the same argument in support of equitable tolling as that relied upon in support of his contention that the triggering event for the commencement of the

limitations period should be governed by sections 2244(d)(1)(B) and (D). As stated, Petitioner offers no specific allegations to justify the alleged delay in discovering the basis for his ineffective assistance of counsel claim. Because Petitioner has failed to demonstrate he has diligently pursued his claims, he should not receive the benefit of equitable tolling of the limitations period.

## RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss and Brief in Support [Doc. ##9-10] be granted and the Petition be dismissed as untimely.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of this Court by May __15th__, 2007. *See* Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter and terminates the referral.

ENTERED this __25th__ day of April, 2007.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE